Florence R. HAIMES, Appellant,

v.

Helen J. NOBLE, Appellee.

No. 3483.

District of Columbia Court of Appeals.

Argued June 8, 1964.

Decided Aug. 7, 1964.

Margaret A. Haywood, Washington, D. C., for appellant.

Joseph G. Dooley, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

In July of 1963 the parties to this appeal entered into a partnership agreement under which appellee, for an investment of $10,000, was to acquire a 40% interest in a cocktail lounge then being operated by appellant. This agreement contemplated the formation of a corporation. A Certificate of Incorporation was issued August 23, 1963, but, other than making a deposit of funds in a bank account, which was accepted by the bank on a temporary basis pending receipt of appropriate written corporate authorization and documents bearing the corporate seal, no other acts were taken—such as issuance of shares of stock, a meeting of the three incorporators, election of officers, or transfer of the liquor license from the partnership to the corporation—to signify the conduct of the business as a corporation. Approximately two weeks later, appellee by letter advised appellant she was dissolving the partnership, effective immediately, and requested an examination of the partnership books and records for the purpose of settling their accounts. There followed a conference with the parties and counsel for appellee, at which time appellant produced certain

books and records of the partnership, which were examined by appellee and her counsel and inquiry made as to the disposition of the $10,000 invested by appellee since the execution of their partnership agreement. After several hours' consultation, it was mutually agreed that appellant owed appellee $7,500. Later the same day appellant executed a promissory note in the amount of $8,836.09.[1] Two days later the parties executed a "Memorandum upon Dissolution of Partnership" confirming their agreed terms and reciting, in part, that "Haimes and Noble have settled accounts *inter sese* and, on such settlement, Haimes has executed and delivered to Noble her negotiable promissory note in the sum of $8,836.09." Upon default by appellant in paying the first instalment, which rendered the balance at once due and payable, appellee filed suit and obtained judgment.

Appellant contends that the note sued upon lacked valid consideration and is unenforceable because incorporation automatically dissolved the partnership and all assets and liabilities of the partnership were transferred, *eo instanti,* to the corporation, thereby converting appellee's investment in the partnership to an investment in the corporation.

■ Since the assets in a business are the physical representation of the investment, such a conversion occurred if in fact the partnership assets were transferred to the new corporation or if by operation of law incorporation caused the partnership assets to be transferred to the new corporation.

The record shows that there was no transfer of partnership assets to the corporation by either partner. We are of the opinion that tentatively opening a bank account in the name of the new corporation was not sufficient to convert appellee's partnership investment into a corporate invest-

ment, nor did the act of incorporation automatically do so. Mere incorporation with intent to convert the partnership business to a corporate operation does not *ipso facto* transfer partnership property to the corporation. Lance v. Forsberg, 106 Cal.App.2d 226, 234 P.2d 662, 664–5(1951); 18 C.J.S. Corporations § 143, p. 543. Likewise, bare incorporation does not convert a partnership investment into a corporate investment. Thus, upon incorporation, without further implementing action the partnership continued in existence, capable of being dissolved. It was in fact dissolved by the partners, and, upon settlement of their accounts, appellant executed a promissory note evidencing a proportionate return of appellee's investment.

■ The record is devoid of any evidence that the corporation assumed the debts of the former partnership. It is clear that the parties agreed, upon dissolution, to an amount owing appellee; that appellant gave her promissory note in settlement; that appellee accepted appellant's note "in full settlement, satisfaction and discharge of any and all claims which [Noble] does have, might have or could have on dissolution of the partnership," and relinquished further interest in the cocktail lounge; and appellant, in consideration "of the release and acquittal hereinbefore mentioned * * * [agreed] to hold Noble harmless against any and all claims of [partnership] creditors." We rule that the trial judge correctly determined that appellant had failed to prove that the note given in settlement was without valid consideration.

We have examined other asserted errors with respect to fraud, duress and misrepresentation in the dissolution of the partnership and execution of the note and find them to be without merit. Not only does the record fail to substantiate alleged improprieties, but such allegations are patently in-

---

1. This figure represents the $7,500 agreed upon as the amount owing to Mrs. Noble, plus an additional $1,336.09 which she paid, from her personal funds, upon dis-

solution of the partnership to certain local distributors of alcoholic beverages upon partnership bills to prevent closing of the cocktail lounge.

consistent with appellant's contention during trial that the suit was premature, as it had been orally agreed by appellee, contemporaneously with the signing of the note, that if appellant encountered difficulty in making payments on their due dates, arrangements could be made for an extention of time.

Affirmed.